UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,                Case No. 12-cr-20607

v.                                                     Honorable Thomas L. Ludington

MAXINE C. POCHMARA,

      Defendant-Petitioner.

_____/

**ORDER DEYNING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, GRANTING MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On January 27, 2014, Petitioner Maxine C. Pochmara was sentenced to twenty-four months of imprisonment after pleading guilty to conspiring to defraud the United States, concealing and covering up by trick, scheme, or device a material fact, and providing false information to the Social Security Administration. ECF No. 107. Petitioner did not file a direct appeal. On September 29, 2016, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255. Petitioner argues that she should be granted relief because she had only a "minor role" in the offense. On October 6, 2016, the Court ordered the Government to respond to Pochmara's motion. ECF No. 184. On October 21, 2016, the Government filed a motion to dismiss Pochmara's petition for relief under § 2255 as untimely. For the following reasons, the Court will dismiss Pochmara's motion.

A motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

    (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

Pochmara did not appeal her conviction. And judgment was entered in Pochmara's case on January 1, 2014. Accordingly, her conviction became final for the purposes of § 2255(f)(1) on February 14, 2014. *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (explaining that a conviction becomes final for § 2255 purposes ten days after entry of judgment if the conviction is not appealed to the Sixth Circuit); Fed. R. App. P. 4(b)(1)(A)(ii) (now providing fourteen days for filing a notice of appeal in a criminal case). Because more than one year has passed since her conviction became final, Pochmara cannot rely upon § 2255(f)(1) to assert the timeliness of her motion. Pochmara might alternatively be relying on § 2255(f)(3). However, the "minor role" amendment which Pochmara is basing her claim for relief upon has not been made retroactively applicable on collateral review. *Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), report and recommendation adopted, No. 2:15-CR-00183(2), 2016 WL 6070480 (S.D. Ohio Oct. 17, 2016). Pochmara's motion for relief under § 2255 is untimely and will be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits,

the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Petitioner Maxine Pochmara's motion to vacate her sentence under 28 U.S.C. § 2255, ECF No. 181, is **DENIED.**

It is further **ORDERED** that the Government's motion to dismiss the 28 U.S.C. § 2255 motion as untimely, ECF No. 185, is **GRANTED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: October 28, 2016      s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2016.

s/Kelly Winslow
Kelly Winslow, Acting in the absence of
MICHAEL A. SIAN, Case Manager
